# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LATREISSA D. RANDOLPH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: 20-cv-2600-JAR-TJJ |
| UNIVERSITY OF KANSAS MEDICAL | ) |
| CENTER, USMAN LATIF, M.D., | ) |
| and JOHN M. SOJKA, M.D. | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding pro se and *in forma pauperis*,[1] filed a Complaint asserting diversity or federal question jurisdiction over what appears to be a medical malpractice claim. Plaintiff has filed a Motion for Appointment of Counsel (ECF No. 4), requesting that the Court appoint a lawyer to represent her in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied without prejudice.

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no right to appointment of counsel.[2] In cases where the plaintiff has been granted *in forma pauperis* status, the court "may request an attorney to represent any person unable to afford counsel."[3] The appointment of counsel under 28

---

[1] *See* Order granting Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 5).

[2] *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[3] 28 U.S.C. § 1915(e)(1).

U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[4] In determining whether to appoint counsel under Section 1915(e)(1), the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[5] "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[6]

Recognizing that Congress did not provide any mechanism for compensating appointed counsel in civil cases, the Tenth Circuit Court of Appeals has cautioned courts to make "[t]houghtful and prudent use of the appointment power . . . so that willing counsel may be located without the need to make coercive appointments."[7] The Court's form motion requires the party requesting the appointment of counsel to confer with at least five attorneys regarding legal representation and to list those attorneys in the motion. This Court rarely grants motions for appointment of counsel in civil cases brought by pro se litigants.

Reviewing the Complaint and motion for appointment of counsel under the above-referenced factors, the Court finds that Plaintiff's request for appointment of counsel should be denied at this time, but without prejudice to refiling another motion at a later date. Plaintiff suggests in her motion that she contacted one lawyer in Kansas City, Kansas, in September 2020.

---

[4] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[6] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

[7] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

But she does not indicate who the attorney was, how she contacted the attorney, or that she <u>conferred with</u> (as opposed to merely contacting) any attorneys at all.  And even if Plaintiff has conferred with one attorney, the form requires that she confer with at least five attorneys regarding legal representation.  Given Plaintiff's failure to comply with the Court's requirements and the Court's own difficulty in locating an attorney who handles this type of case and who is available and willing to be appointed, the Court will deny Plaintiff's motion without prejudice and require Plaintiff to contact and <u>confer with</u> an additional five (5) attorneys who handle cases similar to hers to see if she can find an attorney on her own before she can file another motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is DENIED WITHOUT PREJUDICE.  If Plaintiff opts to file another motion for appointment of counsel, Plaintiff must show she contacted and conferred with an additional five attorneys who handle cases similar to hers and was unable to obtain their services.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff.

Dated in Kansas City, Kansas, this 9th day of December 2020.

Teresa J. James
U. S. Magistrate Judge