## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LATREISSA D. RANDOLPH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSITY OF KANSAS MEDICAL )<br>CENTER, USMAN LATIF, M.D., )<br>and JOHN M. SOJKA, M.D. )<br>)<br>Defendants. ) | Case No: 20-cv-2600-JAR-TJJ |

## REPORT AND RECOMMENDATION

Plaintiff LaTreissa D. Randolph, proceeding pro se, has filed a civil action against University of Kansas Medical Center; Usman Latif, M.D.; and John M. Sojka, M.D.  She asserts both diversity and federal jurisdiction, and frames her claim as one for medical malpractice/negligence.  She states that her "doctor didn't properly treat me which could more [sic] health problem." [1]

In conjunction with the filing of her civil complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees (ECF No. 3) under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1).  The Court granted that motion, but ordered that service of the summons and complaint be withheld pending review of whether Plaintiff's complaint states a claim upon which relief may be granted.

The *in forma pauperis* statute requires that the court dismiss the case at any time if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which

---

[1] ECF No. 1, at 3.

relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.[2] The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[3]

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint is analyzed by the court under the same sufficiency standard as a Rule 12(b)(6) motion to dismiss.[4] Dismissal of a pro se complaint for failure to state a claim is proper only "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[5] In determining whether dismissal is proper, the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[6]

In making this analysis, the court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by attorneys.[7] Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence

---

[2] 28 U.S.C. § 1915(e)(2)(B).

[3] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (citation and internal quotation marks omitted).

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

[5] *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (citation and internal quotation marks omitted).

[6] *Id.* (citation omitted).

[7] *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006) (citation omitted).

construction, or his unfamiliarity with pleading requirements."[8] This does not mean, however, that the court must become an advocate for the pro se plaintiff.[9] *Sua sponte* dismissal under § 1915(e)(2) is also proper when the complaint clearly appears frivolous or malicious on its face.[10]

Plaintiff's complaint faces at least two problems. The first is jurisdictional.[11] Although Plaintiff alleges both diversity and federal question jurisdiction, she also alleges that both she and Defendants are citizens of Kansas. Because the parties are citizens of the same state, they are not diverse for purposes of federal jurisdiction.[12] Plaintiff also does not allege a federal claim.[13] Her claim—presumably medical malpractice/negligence—is one of state law. This Court therefore lacks jurisdiction over the case.

The second problem with Plaintiff's complaint is its lack of any factual allegations supporting her claims. As noted above, Plaintiff alleges that a doctor didn't properly treat her. In her Statement of Claim, Plaintiff further alleges, "Am untiled [sic] to why I had to severely complain to other doctor about care. Now am in a mental state of mind and physical state of mind about my health."[14] These allegations are conclusory and do not provide Defendants with

---

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010).

[10] *Hall*, 935 F.2d at 1108.

[11] The Court may raise subjection matter jurisdiction *sua sponte*, even if this case were not being reviewed under § 1915(e)(2)(B). *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'") (citation omitted).

[12] 28 U.S.C. § 1332(a)(1).

[13] 28 U.S.C. § 1331.

[14] ECF No. 1, at 3.

adequate notice of the claims against them.[15] In federal court, a complaint must contain sufficient facts that, if assumed true, state a facially-plausible claim[16]—something that Plaintiff's threadbare allegations do not accomplish.

Notable for their absence from Plaintiff's complaint are allegations of when Plaintiff saw a doctor, what she was seen for, who the doctor was, and how the doctor was negligent in Plaintiff's diagnosis or treatment. The Court assumes that Plaintiff was treated at KU Medical Center, but even that is not clear. The Court cannot determine Defendants' role in causing Plaintiff's injuries, what tortious acts Plaintiff alleges that Defendants took, or even when and how Plaintiff was injured.[17] Plaintiff alleges simply that she had to go to the emergency room and that she is still "mental[ly] helpless.[18]

---

[15] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247–50 (10th Cir. 2008) (stating that a complaint must allege facts that "raise a right to relief above the speculative level," must suffice to "nudge[ ] [the] claims across the line from conceivable to plausible," and must "make clear exactly *who* is alleged to have done *what* to *whom*" (citation and internal quotation marks omitted)); *Hall*, 935 F.2d at 1110 (explaining "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can based" and specifying that a plaintiff must provide adequate facts for the court to "determine whether he makes out a claim").

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[17] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center,* 492 F.3d 1158, 1163 (10th Cir. 2007) (summarizing the requirements for a plaintiff to state a claim in federal court as the following: "a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated").

[18] ECF No. 1, at 4.

Plaintiff's allegations are insufficient. Without supporting facts, it is impossible for this Court to determine that Plaintiff has a plausible claim against Defendants.[19] Indeed, Plaintiff has not even offered the Court enough facts to determine whether it would be futile to amend. It seems highly unlikely, in any event, that Plaintiff could overcome the jurisdictional deficiencies identified above.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff's complaint and this case be **DISMISSED** for lack of jurisdiction and failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

### NOTICE OF RIGHT TO FILE OBJECTIONS

Plaintiff is hereby informed that, within 14 days after being served with a copy of this Report and Recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the Report and Recommendation. Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the recommended disposition. If Plaintiff does not timely file objections, no court will allow appellate review.

A copy of this Report and Recommendation shall be mailed to Plaintiff.

IT IS SO ORDERED.

Dated December 9th, 2020, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge

---

[19] *See Iqbal,* 556 U.S. at 678.